Stelmack et al., Appellants, *v.* Glen Alden Coal Company.

Argued May 8, 1940.   Before DREW, LINN, STERN and BARNES, JJ.

*A. A. Vosburg,* with him *Alex Marcus* and *A. Floyd Vosburg,* for appellants.

*Reese H. Harris,* of *O'Malley, Hill, Harris & Harris,* with him *Franklin B. Gelder* and *J. Hayden Oliver,* for appellee.

OPINION BY MR. JUSTICE BARNES, June 24, 1940:

This is an appeal from the order of the court below entering judgment for the defendant in an action of assumpsit brought by plaintiffs to recover the cost of repairs to their building which was damaged as a result of mining operations conducted by the defendant. The suit is upon an oral agreement, and the sole question is whether the contract is supported by a consideration.

On July 3, 1922, plaintiffs purchased a certain lot of ground situated in the city of Scranton, upon which was erected a building containing stores and residential apartments. The deed to them incorporated by reference and was made subject to certain reservations, conditions and releases respecting the mineral rights in the land, which appeared in prior conveyances in the chain of title of the property. Among them was the following provision: "It is also expressly understood and agreed by and between the parties to this deed that the right to surface support to the said surface or right of soil is not hereby conveyed. . . . That in no event whatever shall the parties of the first part, their heirs or assigns, be liable for any injury or damage that may be caused or done to the said surface or right of soil, or to the buildings or improvements that are now or hereafter may be put thereon, by reason of the mining and removing of said coal and minerals."

The original grantor reserved the right to remove coal and other minerals, with the express understanding that "the exceptions and reservations aforesaid have materially reduced the amount of the consideration of this Indenture, and that any damages of any nature whatsoever, that may occur by reason of the mining and removing of all of said coal and other minerals have by such reduction, been fully liquidated and paid and satisfied. . . ."

The defendant company is the present owner of the coal and mineral rights in the premises, and is actively engaged in mining operations. The plaintiffs aver that they were informed in 1927 by a duly authorized agent

of the defendant that mining was about to begin under their property which would cause a subsidence of the soil. He is alleged to have made an oral agreement with them, on behalf of defendant, that if they would permit the coal company's employees to enter upon their land and prop up their building to prevent its collapse, or to minimize any damages which might occur, the company would make all repairs necessary to restore the property to its original condition.

Plaintiffs permitted ties and supports to be erected about their building which rendered it "unsightly" and resulted in some loss of rents, although it is not contended that the work was performed negligently. As mining operations continued during the period from 1928 to 1935, it became necessary, according to plaintiffs, to reconstruct the building, due to the further subsidence of the surface. From time to time the defendant made repairs to the property, but later refused to restore it to its previous condition.

In the present action for the breach of the alleged oral agreement, plaintiffs seek to recover the sum of $3,185, representing the amount expended by them for the repair and restoration of their property. The court below excluded all evidence of the oral agreement, upon the ground that plaintiffs had failed to show that it was supported by a consideration, and directed a verdict in favor of the defendant. From the order of the court in banc refusing a new trial, and entering judgment for the defendant, plaintiffs have taken this appeal.

Plaintiffs contend that (1) there was consideration for the oral agreement because of the detriment suffered by them in permitting the defendant to enter upon their land and place props and ties about their building; (2) the promise to repair was supported by a "moral consideration"; and (3) they are entitled to recover under the doctrine of promissory estoppel.

That consideration is an essential element of an enforceable contract is one of our fundamental legal con-

cepts, and there are but few exceptions to the rule. "Consideration is defined as a benefit to the party promising, or a loss or detriment to the party to whom the promise is made": *Hillcrest Foundation, Inc., v. McFeaters,* 332 Pa. 497, 503. The terms "benefit" and "detriment" are used in a technical sense in the definition, and have no necessary reference to material advantage or disadvantage to the parties.

It is not enough, however, that the promisee has suffered a legal detriment at the request of the promisor. The detriment incurred must be the "quid pro quo," or the "price" of the promise, and the inducement for which it was made. "Consideration must actually be bargained for as the exchange for the promise": Restatement, Contracts, Section 75, Comment (b); and see *Union Trust Co. v. Long,* 309 Pa. 470, 475. If the promisor merely intends to make a gift to the promisee upon the performance of a condition, the promise is gratuitous and the satisfaction of the condition is not consideration for a contract. The distinction between such a conditional gift and a contract is well illustrated in Williston on Contracts, (Rev. Ed.) Vol. 1, Section 112, where it is said: "If a benevolent man says to a tramp,— 'if you go around the corner to the clothing shop there, you may purchase an overcoat on my credit,' no reasonable person would understand that the short walk was requested as the consideration for the promise, but that in the event of the tramp going to the shop the promisor would make him a gift."

In the present case it clearly appears that the defendant's offer to repair the plaintiffs' building was entirely gratuitous. The permission to enter upon the land and to erect props and ties was sought by defendant merely for the purpose of conferring a benefit upon plaintiffs as a voluntary act, and not as the price or consideration of its alleged promise to restore the building to its original condition. The placing of supports about the structure was of no conceivable advantage to the defendant,

for, as we have seen, it had no liability whatever "for any injury or damage that may be caused or done to the said surface or right of soil, or to the buildings or improvements" under the provisions of the deeds in plaintiffs' chain of title. The interest of plaintiffs alone was served by the defendant's efforts to prevent the collapse of the structure and to minimize the damages resulting from the mining operations. As this was done at the expense of the defendant, and solely for the protection of the plaintiffs, we are unable to see how it could have constituted a consideration for the defendant's promise, and converted a purely gratuitous undertaking into a binding contract.

Plaintiffs' second point is also without merit. The principle asserted in some of our decisions that "moral consideration" will support a contract, has no application to the situation here presented. The limitations upon this doctrine were clearly stated in *Stebbins v. County of Crawford,* 92 Pa. 289, where we said (p. 292) : "A moral obligation is sufficient to support an express promise, where there has been a pre-existing obligation which has become inoperative by positive law. . . . In all these cases there is a moral obligation founded upon antecedent valuable consideration. Such promises, therefore, have a sound legal basis. They are not promises to pay something for nothing, not naked pacts, but the voluntary revival or creation of obligations which before existed in natural law, but which had been dispensed with, not for the benefit of the party obliged solely, but principally for the public convenience." See also *Paul v. Stackhouse,* 38 Pa. 302, 304; *Webster v. Hopewell Boro.,* 19 Pa. Superior Ct. 549, 556. The authorities cited by plaintiffs plainly fall within this category.

Here there was no preëxisting legal or equitable obligation which could serve as the foundation of a moral obligation. The plaintiffs and their predecessors in title were fully compensated, as expressly stated in the

original deed, for any loss which might result from the withdrawal of surface support by the owner of the mining rights. The possibility of damage was reflected in the reduced purchase price paid for the property. Plaintiffs accepted the deed with full knowledge of the reservations and waiver of damages, and with the express stipulation that defendant should have no liability whatsoever for a subsidence of the land.

Nor can plaintiffs' final contention that the defendant should be estopped from repudiating its promise be sustained. The doctrine of promissory estoppel, upon which they rely, may be invoked only in those cases where all the elements of a true estoppel are present, for if it is loosely applied any promise, regardless of the complete absence of consideration, would be enforceable. The principle involved is defined in the Restatement, Contracts, Section 90, in the following terms: "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." The subject is fully discussed in a recent decision of this Court, *Fried v. Fisher,* 328 Pa. 497, where the safeguards upon the application of the doctrine are clearly set forth.

Here no action was taken by plaintiffs in reliance upon the defendant's promise which resulted in disadvantage to them. They did not alter their position adversely or substantially. They have suffered no injustice in being deprived of a gratuitous benefit to which they have no legal or equitable right. We are satisfied that there is nothing in the present record to bring this case within any recognized exception to the well settled principle of contract law, that a promise unsupported by consideration is *nudum pactum,* and unenforceable.

The judgment of the court below is affirmed.