## Paul Estate

*Frank I. Ginsburg,* for accountants.

*Malcolm B. Petrikin,* for exceptants.

*J. H. Ward Hinkson, Edward F. Cantlin* and *Francis J. Mirante,* contra.

VAN RODEN, P. J., September 16, 1964.—Counsel for certain beneficiaries in this estate have filed exceptions to the adjudication nisi dated April 16, 1964, sur the first and final account of the trustees and also to the order and decree entered the same date sur petition to determine the value of corporate stock belonging to the estate.

The exceptions to the adjudication, order and decree have been embodied in a single pleading. While it might be better practice to have filed separate exceptions to the decree nisi and to have taken an appeal from the order and decree, which was final in both form and substance, nevertheless, the two matters are interrelated in that both raise a single issue and will be so considered herein.

The sole question involved is whether petitioners have relinquished or are estopped from asserting their right to have the value of the aforementioned corporate stock determined by this court.

The facts are not in dispute, the present controversy being centered on the legal inferences and conclusions to be drawn from the facts.

Decedent died November 9, 1955. By her last will and testament in writing dated April 29, 1949, she devised and bequeathed her residuary estate in trust for the benefit of certain designated beneficiaries until the youngest of the income beneficiaries should attain the age of 30 years, at which time the balance of principal and accrued income is to be paid to the said beneficiaries in the same proportions as they share in the income. The youngest beneficiary became 30 years of age on December 5, 1962, which event terminated the trust and matured the corpus for distribution.

In Item Eighth (c) of her will, decedent made the following provision with respect to shares of stock in A. H. Wirz, Inc., belonging to her estate:

"(c) At the termination of the trust provided under Item FIFTH hereof, my estate shall be divided for distribution as above provided and each share thereof shall contain a proportionate share of the stock in A. H. Wirz, Inc. Upon the calculation of such division, the then actual value of the said stock shall be determined by my corporate Trustee with the approval of such of the said Roberta W. Blakiston and Jean Blakiston and the said Anne Elizabeth Maddock Ewing, Mary C. Maddock, Robert F. Cox, Townsend C. Cox, Jr., and Henry Wirz Cox as shall then be living, and in the event of a failure of any of them to agree, the then actual value of the said stock shall be determined by the then President Judge of the Orphans' Court of Delaware County, Pennsylvania, and upon the determination of the value of the stock as aforesaid, such of

the said Anne Elizabeth Maddock Ewing, Mary C. Maddock, Robert F. Cox Townsend C. Cox, Jr., and Henry Wirz Cox as shall then be living and my Trustees on behalf of the issue then living of any of them that may then be deceased, shall have the right within six (6) months to purchase for cash any or all of the stock of A. H. Wirz, Inc., at a price equal to the value so determined from the shares of the said trusts about to be distributed to the said Roberta W. Blakiston and Jean Blakiston or their issue, such rights to be exercised pro rata."

On March 11, 1963, the corporate trustee valued the 980 shares of the A. H. Wirz, Inc., stock belonging to decedent's estate at $600 per share and so notified all of the beneficiaries. On May 23, 1963, following the receipt of such notice of a valuation, petitioners, Anne Elizabeth Maddock Ewing, Mary C. Maddock Rowan, Robert F. Cox, Jr., and Townsend C. Cox, Jr., through their counsel, offered to respondents Roberta W. Blakiston and Jean Blakiston Cox, to purchase for $400 per share the stock of A. H. Wirz, Inc., to which respondents would be entitled under the trust instrument or, if this offer was unacceptable, to waive their right to purchase such stock and request the trustee to distribute the stock in kind without any determination of value by the president judge of the orphans' court.

On the following day, May 24, 1963, counsel for respondents telephoned counsel for petitioners and advised him that the offer to purchase was not acceptable, but that respondents would agree to the distribution of the stock in kind without requesting the president judge of the orphans' court to determine its value. Counsel for petitioners replied he would advise the corporate trustee of the aforesaid understanding and request the trustee to take the necessary steps to distribute the stock in kind. Counsel for petitioners and

counsel for respondents confirmed the understanding and requested distribution of the stock in kind by letters written to the corporate trustee.

On September 11, 1963, counsel for petitioners advised counsel for respondents that his clients had changed their minds and wanted them to request the determination of value by the president judge of the orphans' court. Counsel for respondents immediately objected thereto, claiming that such action was in violation of the "agreement."

Respondents take the position that petitioners had relinquished their right to have the value of the stock of the A. H. Wirz, Inc., held by this trust estate determined by the president judge of this court and further relinquished their right to purchase the stock distributable to the respondents, or, in the alternative, that petitioners are estopped from requiring such determination of value by this court and from exercising any right to purchase the stock otherwise distributable to the respondents.

In the aforementioned order and decree dated April 16, 1964, this court held that petitioners had not relinquished their right to have the value of the A. H. Wirz, Inc., stock held by this trust determined by the president judge of this court nor their right to purchase stock otherwise distributable to respondents, nor are they estopped therefrom; granted the petition to have the value of the stock determined by this court; directed the trustees to retain the stock and not to make any distribution or disposition thereof pending further order of this court; and, because of the complicated and disputed issues of fact involved in the determination of the actual value of the shares of stock, appointed a master to take testimony upon all issues of fact involved in the determination of the actual value of the shares of stock in A. H. Wirz, Inc., held by the trustees, and to report to the court his

findings of fact and conclusions of law and his recommendations as to the proper actual valuation thereof.

The adjudication nisi, filed concurrently with said order and decree, made reference thereto and contained an award reflecting the provisions thereof.

The court has had the benefit of written briefs and oral argument on the issues raised by the exceptions. After full and careful consideration and review, the court is of the opinion that the disposition of this matter by the auditing judge was proper and just and in accordance with the facts and the law and should not be disturbed.

Although it is true that on May 23, 1963, counsel for the petitioners informed counsel for respondents that petitioners were willing to purchase for $400 per share the stock of A. H. Wirz, Inc., to which the re-respondents would be otherwise entitled; or if this offer was unacceptable, to waive their right to purchase such stock and request the trustee to distribute the stock in kind without any determination of value by the President Judge of the Orphans' Court, the fact remains that no legal contract of any kind was ever entered into between petitioners and respondents. When negotiations relating to the offer to purchase stock at the valuation of $400 per share proved fruitless, petitioners unilaterally decided to pursue the negotiations no further at that time, and, although not legally obliged to do so, informed respondents of their decision. Petitioners neither asked for nor received anything from respondents in return for such a decision. There was no exchange of consideration nor was there any compliance with the provisions of the Uniform Written Obligations Act of May 13, 1927 P. L. 985, 33 PS §6, et seq.

Consideration is defined as a benefit to the party promising, or a loss or detriment to the party to whom the promise is made. The detriment must be the "quid

pro quo" or the "price" of the promise, and the inducement for which it was made. Consideration must actually be bargained for the exchange of the promise. Where the promise is gratuitous, there is no legal consideration for a contract: Stelmack v. Glen Alden Coal Co., 339 Pa. 410 (1940).

While respondents may understandably be disappointed that petitioners have changed their minds, they have no legal basis upon which to object thereto. The discussions between respective counsel for petitioners and respondents did not result in the creation of any legally enforceable contract and there is no contractual prohibition against petitioners' change of mind in exercising of the rights given them by the trust instrument.

Likewise, the doctrine of promissory estoppel invoked by respondents provides no ground for relief in this case. That doctrine has been stated in §90 of the Restatement, Contracts as follows:

"A promise which the promissor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

The difficulty with respondents' position is that they have failed to show that they altered their position adversely or substantially in reliance upon the petitioners' "promise": In Stelmack v. Glen Alden Coal Co., supra, at page 416, the Supreme Court stated: "The doctrine of promissory estoppel, . . . may be invoked only in those cases where all the elements of a true estoppel are present, for if it is loosely applied any promise, regardless of the complete absence of consideration, would be enforceable . . .

"Here no action was taken by plaintiffs in reliance upon the defendant's promise which resulted in dis-

advantage to them. They did not alter their position adversely or substantially. They have suffered no injustice in being deprived of a gratuitous benefit to which they have no legal or equitable right. We are satisfied that there is nothing in the present record to bring this case within any recognized exception to the well settled principle of contract law, that a promise unsupported by consideration is *nudum pactum*, and unenforceable."

Although respondents assert that because of petitioners' announced intention to forebear from requesting a judicial valuation of the A. H. Wirz, Inc., stock, respondents similarly forbore, there is nothing in the record to indicate that petitioners ever intended to request the court to fix the value. If they had so intended, such result will now follow from this court's order pursuant to petitioners' request. Thus, the respondents' alleged forebearance cannot possibly be deemed to have had adverse consequences. Likewise, respondents' suggestion that they have suffered loss or damage by delay in the determination of the value of their shares is not supported by evidence; there is nothing before the court to suggest that the value of the stock has changed to any extent in the interval between respondents' "offer" and their withdrawal thereof, nor since. Respondents have failed to show that they are any worse off due to petitioners' change of mind. The testatrix expressly provided that if petitioners exercise their right to buy the A. H. Wirz, Inc. stock, respondents must accept cash in lieu of the stock as their distributive share. Since the parties have been unable to agree on valuation, the petitioners' election to purchase the stock is at the valuation placed thereon by this court. There is, therefore, no legal impediment to this court proceeding to arrive at such valuation, aided by the master appointed for such purpose.

Accordingly, the court enters the following

*Decree*

And now, to wit, September 16, 1964, the above matter having come on to be heard on exceptions to adjudication nisi, order and decree, and oral argument and written briefs having been submitted thereon and carefully considered by the court, it is hereby ordered, adjudged, and decreed as follows:

1. Respondents' exceptions to the order and decree of this court dated April 16, 1964, are hereby dismissed, and the said decree is hereby ratified and confirmed absolutely.

2. Respondents' exceptions to the adjudication nisi dated April 16, 1964, are hereby dismissed and the said adjudication is hereby ratified and confirmed absolutely.

3. The parties shall share their respective costs.

4. An exception is hereby allowed unto each party in interest.