## Morris v. School District of the City of Erie

*Charles Agresti,* for plaintiffs.
*John Beatty,* for defendant Erie School District.
*Donald Wright,* for defendant Millcreek Township School District.
*Gustave McGeorge,* for defendant Arfax.

JIULIANTE, *J.,* October 8, 1984—On April 15, 1981, plaintiffs, both commercial photographers, instituted this action for declaratory judgment seeking this court to find contracts between defendants, the School District of the City of Erie and the School District of Millcreek Township (school districts) and defendant Arfax Photographic Service Company (Arfax) to be violative of the Public Schol Code of

the Commonwealth of Pennsylvania. 24 P.S. §1-101 *et seq.* Plaintiffs further allege that the contracts and business practices between defendants unlawfully interfere with plaintiffs' business and constitutes unreasonable restraint of trade. Since this and other pending actions all hinge on the issue of the validity of the contracts, all parties to the action orally agreed in chambers to submit briefs and be bound by this court's decision regarding the validity of the contract.

Defendant school districts, either by and through their principals, yearbook advisors or other agents, entered into contracts with defendant Arfax. As a result of these contracts, Arfax was given the right to use the schools' facilities for the purpose of taking photographs of students, and the exclusive right to have these photographs placed in the school districts' various high school yearbooks. In return for this exclusive right, Arfax provides the high schools with supplies and services such as unlimited amounts of film for use by the yearbook staff, the taking of photographs of the schools' faculty and staff, and instructing students on the proper use of photographic equipment. It also appears that Arfax provides the yearbook staff or the school districts with a rebate on a portion of the sitting fee charged each student.

Plaintiffs agree that §5-511(a) of the Public School Code gives school districts the authority to enter into contracts for the creation and management of publications like yearbooks; however, plaintiffs allege the exclusive contracts are illegal in that they are monopolistic and interfere with plaintiffs' photography business. Plaintiffs base this argument on the fact that because defendant Arfax is the exclusive contract photographer for the schools' yearbooks, a substantial number of present and po-

tential clients are precluded from using plaintiffs' services. Simply because the contractual relationship between Arfax and the school districts precludes other photographers from being able to place their photographs in the high school yearbooks does not amount to illegal interference with business. While the exclusiveness of the contracts may be deleterious to their business, plaintiffs have made no allegations that they were prevented from either competitively bidding for the exclusive school photographer position or that they were ever barred from negotiating with the school districts for the contracts.

The reasons why school districts enter into exclusive contracts with a single photographer are twofold. First, a single exclusive photographer provides the school district with uniformity in the production and appearance of a yearbook, as well as reducing its overall cost. Second and more importantly, exclusiveness plays a vital role in the school districts' basic ability to enter in a contractual relationship with a photographer for the production of a yearbook. Consideration is an essential element in the creation of any enforceable contract. See Stelmack v. Glen Alden Coal Co., 339 Pa. 410, 14 A.2d 127 (1940). Here, exclusiveness constitutes a large part of the consideration the school district gives in exchange for the benefits it receives from Arfax, those benefits being the free photographic supplies and instructional services. Thus, not only is the exclusive nature of the contract beneficial to the school districts in its production of the yearbook, but it also acts as valuable consideration when bargaining with commercial photographers. For these, and the previously stated reasons, this court finds the contracts between the school districts and Arfax to be neither unjust nor monopolistic.

Plaintiff next alleges that the benefits Arfax confers to the school districts are a type of bribery prohibited by 24 P.S. §§8-809, 8-810. It is also alleged that the receipt of such benefits by the school district constitutes a breach of the fiduciary relationship between students and the school district.

An essential element of bribery, either under the Crimes Code or under the Public School Code, is for money or other valuable items to be accepted by a public official for the purpose of influencing that official's conduct. 24 P.S. §8-809; 18 Pa. C.S. §4701. In applying this element to the relationship between the school districts and Arfax, it becomes apparent that plaintiffs' allegations are without merit. The benefit Arfax confers upon the school districts do not pass to individual school officials. Instead, the benefits are conveyed either directly or indirectly to the individual schools, their yearbook staffs, or the students themselves. As stated previously, these benefits are merely the consideraiton Arfax gives in exchange for being named the schools' exclusive photographer. For these reasons, the conduct of the school districts can neither be categorized as bribery nor a breach of any fiduciary duty.

In conclusion, this court finds the contracts between defendant school districts and Arfax to be not only valid and enforceable, but also in the best interest of the individual schools and their students.

## ORDER

And now, this October 8, 1984, based upon the argument of counsel and briefs submitted thereon, it is hereby ordered, adjudged and decreed that the contracts between defendant school districts and defendant Arfax Photographic Service Company concerning the publication of photographs in high school yearbooks are valid and enforceable, and plaintiffs' action for declaratory judgment is hereby dismissed.