Brenda BROWN,

v.

## PHILADELPHIA HOUSING AUTHORITY, et. al.

No. CIV. A. 00–3232.

United States District Court, E.D. Pennsylvania.

March 30, 2001.

Michael Donahue, Community Legal Serv., Inc., Philadelphia, PA, for Plaintiff.

L. Kenneth Chotiner, Michael Pileggi, Phila. Housing Authority, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before this Court are the Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 12), and the Plaintiff's Memorandum in Opposition to the PHA Defendants' Motion to Dismiss (Docket No. 14).

### I. BACKGROUND

On July 20, 2000, the Plaintiff, Brenda Brown, filed the instant complaint against the Defendants Philadelphia Housing Authority (PHA), Katrina Jollah, Douglas Daniel, and Carl Greene. *See* Pl.'s Compl. at ¶¶ 6–10. In her complaint, the Plaintiff alleges that the Defendants violated her due process rights, 42 U.S.C. § 1983, the United States Housing Act (42 U.S.C. § 1437), and 24 C.F.R. §§ 966.50 *et. seq.*. *See* Pl.'s Compl. at ¶ 32. In addition, the Plaintiff claims that the Defendants failed to provide her with a lease termination notice as required under 24 C.F.R. §§ 966.4(1), violated their agreement of June 5, 2000 to refrain from evicting the Plaintiff, and violated the Plaintiff's state law right to cure her rental delinquency and remain in her public housing rental unit. *See* Pl.'s Compl. at ¶¶ 32–34.

Upon accepting as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them, the pertinent facts of this case are as follows. The Plaintiff lived for many years in a scattered site rental unit run by the Defendant PHA located at 2035 North Third Street in Philadelphia. *See* Pl.'s Compl. at ¶ 11. Because the property was in deplorable condition, the Plaintiff filed a grievance seeking to have repairs made to her rental unit in 1994. *See* Pl.'s Compl. at ¶¶ 12–13. At the same time, she began paying her rent into an escrow account that she established at the Urban League of Philadelphia. *See* Pl.'s Compl. at ¶¶ 13–15. The Defendants took no steps to make the necessary repairs and in September of 1999, the Plaintiff was moved to another rental unit run by the Defendant PHA and located at 5400 1A Bartram Drive. *See* Pl.'s Compl. at ¶ 17. At this point, the Plaintiff was still paying her rent into an escrow account at the Urban League. *See* Pl.'s Compl. at ¶ 15.

In February of 2000, the Defendant PHA commenced eviction proceedings against the Plaintiff for nonpayment of rent. *See* Pl.'s Compl. at ¶ 18. The Plaintiff was unable to attend the eviction hearing held on February 23, 2000 because of physical impairments. *See* Pl.'s Compl. at ¶ 19. As a result, a default judgment was entered against the Plaintiff for past-due rent and court costs. *See* Pl.'s Compl. at ¶ 20. Subsequently, additional costs for the issuance of a writ of possession were added to the judgment which ultimately totaled $6,054. *See* Pl.'s Compl. at ¶ 21. A date of eviction was eventually set for June 5, 2000.

The Plaintiff sought to prevent eviction by releasing to the Defendant PHA the $5,659 being held in escrow at the Urban League and saving the remaining $395 necessary to satisfy the outstanding judgment. *See* Pl.'s Compl. at ¶ 22. On June 5, 2000, the scheduled day of eviction, Defendants Jollah and Daniel told the Plaintiff that she would not be evicted if the Urban League forwarded a letter confirming the amount in escrow and stating that the escrow funds would be promptly released to the Defendant PHA. *See* Pl.'s Compl. at ¶ 24. Despite the receipt of the required letter from the Urban League and an offer from the City of Philadelphia

Office of Emergency Shelter Services (OESS) to make up any deficiency in satisfying the judgment, the Defendants proceeded with the eviction on June 5, 2000. *See* Pl.'s Compl. at ¶¶ 26–27. There is no allegation that the Plaintiff ever actually tendered the funds to satisfy the outstanding judgment.

## II. STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6)[1], this Court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6) ... is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990) (citing *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988)); *see also H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). A court will only dismiss a complaint if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *H.J. Inc.*, 492 U.S. at 249–50, 109 S.Ct. 2893. Nevertheless, a court need not credit a plaintiff's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997). The Federal Rules of Civil Procedure do not, however, require detailed pleading of the facts on which a claim is based. Instead, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed.R.Civ.P. 8(a)(2) (West 2001).

## III. DISCUSSION

### A. The June 5, 2000 Agreement

The majority of the Plaintiff's claims hinge on her contention that an agreement was reached with Defendants Jollah and Daniel on June 5, 2000 that the Defendant PHA would not evict her if they received a letter from the Urban League confirming the amount in escrow and that the funds would be promptly released to the Defendant PHA. In Pennsylvania, leasing agreements between housing authorities and their tenants are reviewed pursuant to contract law. *See Allegheny County Hous. Auth. v. Morrissey*, 651 A.2d 632, 637 (Pa.Cmwlth.Ct.1994). "It is black letter law that in order to form an enforceable contract, there must be an offer, acceptance, consideration or mutual meeting of the minds." *Jenkins v. County of Schuylkill*, 441 Pa.Super. 642, 658 A.2d 380, 383 (Pa.Super.Ct.1995). In the instant case, the arguments center around whether, looking at the Plaintiff's allegations liberally, there was any consideration for this alleged agreement.

" 'Consideration is defined as a benefit to the party promising, or a loss or detriment to the party to whom the promise is made.' " *Hillcrest Found. v. McFeaters*, 332 Pa. 497, 503, 2 A.2d 775 (Pa.1938). "[T]he performance of an act which one party is legally bound to render to the other party is not legal consideration." *Chatham Communications, Inc. v. General Press Corp.*, 463 Pa. 292, 344 A.2d 837, 840 (1975); *see also Brennan v.*

---

1. Rule 12(b)(6) provides that "[e]very defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted...." FED.R.CIV.P. 12(b)(6).

*Independence Blue Cross and Penn. Blue Shield,* No. CIV.A.95–8045, 1997 WL 504449, at *2 (E.D.Pa. Aug.21, 1997). The Defendants claim that the alleged agreement not to evict the Plaintiff was not supported by consideration because the Plaintiff was obligated to pay the judgement for back-rent and therefore, did not incur a legal detriment for promising to pay it. The Plaintiff responds that the Defendants received something different than a promise to pay her judgment debt, they received additional benefits in the form of promises from the Urban League and OESS to pay the judgment debt. The Plaintiff's argument is not compelling. The only detriment being incurred by the Plaintiff was the release of funds sufficient to pay the judgment debt and the only benefit to the Defendant was the receipt of the judgment debt. "Payment of a valid judgment is not consideration for an agreement, for the plain reason that there is no benefit to the creditor who is entitled to the whole nor a detriment to the debtor who was already legally obligated to liquidate this indebtedness." *Chatham Communications, Inc.,* 344 A.2d at 840. Because a performance not supported by consideration is unenforceable, the Court finds that there was no new binding agreement formed on June 5, 2000. *See Stelmack v. Glen Alden Coal Co.,* 339 Pa. 410, 14 A.2d 127, 130 (1940).

■ In opposing her motion to dismiss, the Plaintiff claims that the Defendants are estopped from arguing that no agreement was formed on June 5, 2000. A party may be estopped under the doctrine of estoppel if they "(1) intentionally or negligently misrepresented some material facts; (2) kn[ew] or had reason to know that the other party would justifiably rely on the misrepresentation; and (3) induced the party to act to his or her detriment based on their justifiable reliance upon the misrepresented facts." *Allegheny County Hous. Auth.,* 651 A.2d at 637; *see also Stelmack,* 14 A.2d at 129. There are no facts alleged in the complaint to support the notion that the Plaintiff acted or refrained from acting on the basis of the alleged representations by the Defendant. The Plaintiff contends that had the Defendants not represented that they would refrain from evicting her, she would have utilized the little time she had left prior to eviction to expedite the release of her funds or remove her personal items from the rental unit. The allegations in the complaint do not support this theory. This is particularly true because the Defendants' alleged representations and the actual eviction both took place on June 5, 2000. To contend, only in response to a motion to dismiss, that the mere hours lost by relying on the Defendants' representations worked to her detriment is not sufficient to invoke the equitable doctrine of estoppel. Therefore, the Court finds that estoppel doesn't apply to the Plaintiff's claim.

## B. *The Plaintiff's Due Process, Section 1983, and Housing Act Claims*

■ The Plaintiff's complaint appears to set forth that she was provided with a fair process leading up to her eviction from her scattered rental unit: eviction proceedings were brought against her for nonpayment of rent, a hearing was held, a date of eviction was set, and the eviction took place on that date. It is clear to the Court, based upon the arguments of the parties, that the claims of due process violations, section 1983 violations, and housing act violations contained in the Plaintiff's complaint stem from the purported second agreement and not the original eviction proceedings. *See* Pl.'s Mem. in Opp'n to the Def.'s Mot. to Dismiss at 8 n. 1. The Plaintiff asserts that the Defendants provided no written notice, no oppor-

tunity to be heard, did not provide a lease termination notice, failed to comply with the required grievance process by "reneging on their agreement." *See* Pl.'s Compl. at ¶¶ 28–32. Because the Court has already found that the June 5, 2000 agreement did not create a binding obligation, the Court finds that no new process was required of the Defendants in following through on their original eviction proceedings.

For the foregoing reasons, the Court finds that the Plaintiff's claims of due process violations, section 1983 violations, and housing act violations must be dismissed.

### C. *The Plaintiff's Breach of Contract Claim*

As the Court has already found that no new binding agreement was formed on June 5, 2000, the Plaintiff's claims for breach of that agreement must be dismissed.

### D. *The Plaintiff's Pay and Stay Claims*

█ The Plaintiff's complaint also contains a claim for "violation of [her] state law right to cure her rental delinquency and remain in her public housing rental unit." *See* Pl.'s Compl. at ¶ 34. Those rights are contained in Pennsylvania statutes at Pa. Stat. Ann. tit. 68, § 250.503(c)(West Supp.2000). According to those provisions, any time a tenant is being evicted based upon a failure to pay rent, they may prevent eviction "by paying to the writ server, constable or sheriff the rent actually in arrears and the costs" prior to the execution of the writ. § 250.503(c). There is no allegation anywhere in the complaint that the Plaintiff paid or attempted to pay the past-due rent prior to eviction. The only allegation made by the Plaintiff is that, if the Defendant had refrained from evicting the Plain-

tiff, she would have had the past-due rent tendered promptly. This is not enough to implicate the "pay and stay" provisions.

For the foregoing reasons, the Plaintiff's claim under Pa. Stat. Ann. tit. 68, § 250.503(c) must be dismissed.

An appropriate Order follows.

### *ORDER.*

AND NOW, this 30th day of March, 2001, upon consideration of the Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 12), and the Plaintiff's Memorandum in Opposition to the PHA Defendants' Motion to Dismiss (Docket No. 14), IT IS HEREBY ORDERED that said Motion is **GRANTED**; and

IT IS HEREBY FURTHER ORDERED that the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**