J-A26028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BURTON SAMUEL COMENSKY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DUQUESNE BUSINESS ADVISORY CORP. | |
| | No. 402 WDA 2016 |

Appeal from the Order February 16, 2016
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-06-016735

BEFORE:  BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.                **FILED DECEMBER 12, 2016**

Burton Samuel Comensky ("Appellant") appeals from the trial court's Order of February 16, 2016, granting summary judgment and striking Appellant's New Matter in favor of Duquesne Business Advisory Corporation ("Appellee" or "Duquesne").  We affirm.

The trial court outlined the relevant procedural and factual history as follows:

> [Appellant] alleges in his Complaint that he and [Appellee] entered into a contract for the purchase of property in Duquesne, Pennsylvania.  [Appellant's] proffered proof for this contract is a November 14, 2005 letter which he attaches to his Complaint.  The letter, drafted by the President of [Appellee] indicates that if [Appellant] transfers the deed to the subject property to [Appellee], then [Appellee] would pay [Appellant] the sum of $12,000.00 and accept the liens against the property

only.[1]  [Appellant] has not, to this date, transferred the deed to the property to [Appellee].  Although [Appellant] signed the letter from the President of [Appellee], described above, purportedly indicating an intention to accept the terms of that offer, on the same day counsel for [Appellant] forwarded a counteroffer correspondence to [Appellee] setting forth additional terms.[2]  The counteroffer letter indicated that [Appellee] would be assuming liens and judgments against [Appellant] personally and also disclosed the involvement of GLS Capital Services, Inc.  [Appellant's] counteroffer was rejected by correspondence from the solicitor of [Appellee] to counsel for [Appellant] dated December 7, 2005.  That correspondence also explicitly revoked [Appellee's] original November 14, 2005 offer.  No other facts are offered or proffered by [Appellant] in his Complaint, or otherwise, which would support the contention that [Appellant] and [Appellee] entered into and/or consummated a valid and binding contract.

[The instant Complaint in Civil Action was filed by Appellant on July 17, 2006.  Appellee filed an Answer on August 9, 2006.  The case was inactive for almost ten years until August 5, 2015, when Appellant filed a pleading titled New Matter and subsequently filed Praecipie for Issue/Jury Trial.]

[Appellee] filed a Motion for Summary Judgment [on January 19, 2016] outlining the unchallenged factual history set forth above, attaching the relevant correspondence, and seeking dismissal of all of [Appellant's] claims.  The Motion for Summary Judgment was scheduled by Calendar Control for argument before the [trial court] on February 16, 2016.  [Appellant] acknowledges notification, but did not appear for the oral argument on the Motion for Summary Judgment.  [That same day, the court granted Appellee's Motion for Summary Judgment and Motion to Strike Appellant's New Matter.  Appellant timely filed a Motion for Reargument and a Motion for Reconsideration, both of which, were denied.  Appellant then timely filed a Notice

_____

[1] **See**  Verified Complaint in Assumpsit ("Complaint"), 7/17/06, Plaintiff's Exhibit "A".  Appellant signed this letter on November 22, 2005.  **Id**.

[2] **See** Answer to Verified Complaint in Assumpsit ("Answer"), 8/9/06, Defendant's Exhibit "A".  This letter by Appellant's counsel is dated November 22, 2005.  **Id**.

of Appeal and filed a court-ordered Pa.R.A.P. 1925(b) statement.]

Trial Court Opinion, 5/4/16, at 1-2.

Appellant presents the following questions for our review:

1. Summary Judgment should not have been granted as there are issues of material fact[].

2. As a jury trial was requested and taken to issue the instant case should have proceeded.

3. [F]acts as presented as New Matter could have been re-stated as Amendment to complaint.

4. All [Appellee's] filings post initial answer lacked verifications.

5. [The court] should have [a]llowed [M]otion for Reargument.

Appellant's Brief at 5.

We review an order granting summary judgment for an abuse of discretion. *Indalex, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 83 A.3d 418, 420 (Pa. Super. 2013). Our standard of review is plenary, and we view the record in the light most favorable to the nonmoving party. *Id*. A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. 1035.2(1). In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact. Pa.R.C.P. 1035.3.

Appellant asserts Duquense breached a contract between them. Appellant's Brief at 12-14. As this Court has recognized:

> A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages. **Corestates Bank, N.A. v. Cutillo**, 723 A.2d 1053, 1058 (Pa. Super. 1999). While not every term of a contract must be stated in complete detail, every element must be specifically pleaded. **Id.** at 1058.
>
> * * *
>
> It is axiomatic that consideration is "an essential element of an enforceable contract." **Stelmack v. Glen Alden Coal Co.**, 14 A.2d 127, 128 (Pa. 1940). **See also Weavertown Transport Leasing, Inc. v. Moran**, 834 A.2d 1169, 1172 (Pa. Super. 2003) (stating, "[a] contract is formed when the parties to it (1) reach a mutual understanding, (2) exchange consideration and (3) delineate the terms of their bargain with sufficient clarity."). "Consideration consists of a benefit to the promisor or a detriment to the promiser. **Weavertown**, 834 A.2d at 1172 (citing **Stelmack**). "Consideration must actually be bargained for as the exchange for the promise." **Stelmack**,[]14 A.2d at 129.

**Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of Pa.**, 895 A.2d 595, 600 (Pa. Super. 2006) (parallel citations omitted). Whether a contract is supported by consideration presents a question of law. **Davis & Warde, Inc. v. Tripodi**, 616 A.2d 1384 (Pa. Super. 1992).

As an initial matter, we must first determine whether an enforceable contract existed. Our Court observed the following in **Yarnall v. Almy**, 703 A.2d 535, 538–39 (Pa. Super. 1997):

> In order to form a contract, there must be an offer, acceptance, and consideration or mutual meeting of the minds. An alleged acceptance of an offer is not unconditional and, therefore, is not

an "acceptance" if it materially alters the terms of the offer.  As such, a reply which purports to accept an offer, but instead changes the terms of the offer, is not an acceptance, but, rather, is a counter-offer, which has the effect of terminating the original offer. Further, it is well established that the acceptance of any offer or counter-offer must be "unconditional and absolute."

*Yarnall*, 703 A.2d 538–39 (internal citations omitted).

In the instant case, Appellee signed Duquesne's letter offering to purchase Appellant's house for $12,000.00 and accept the liens against the property.  Complaint, 7/17/06, Plaintiff's Exhibit "A".  However, Appellant attached a separate letter rejecting portions of Duquesne's offer and substantially changing its terms by requiring that Duquesne assume personal liens and judgments against Appellant.  Answer, 8/9/06, Defendant's Exhibit "A".  Appellant's letter thereby created a counter-offer, not an acceptance.  Here, there was no evidence of an "unconditional and absolute" acceptance of this new and modified agreement by Appellant.  On the contrary, upon receipt of Appellant's counter-offer, Duquesne expressly rejected Appellant's counter-offer and explicitly revoked its initial offer.  Answer, Defendant's Exhibit "B".  Appellant failed to put forth any evidence or legal authority to the contrary.  Thus, no enforceable contract existed, and Appellant's breach of contract suit must fail.  *Yarnall*, 703 A.2d 538-39.

Moreover, we note that Appellant's action against Duquesne also fails for lack of consideration tendered.  Duquesne's offer was conditional on Appellant's transfer of the deed to Appellant's home. Such transfer would

constitute a benefit to the offeror, Duquesne. ***Weavertown***, 834 A.2d at 1172. To date, the deed has not been transferred to Duquesne. Accordingly, the trial court acted correctly in granting summary judgment in favor of Duquesne, since no material fact remained in issue and the uncontroverted evidence established that no contract existed.

Appellant asserts in his second issue that the trial court erroneously precluded him from a jury trial. Appellant's Brief at 15-16. We disagree. It is well established that summary judgment serves the purpose of promoting judicial economy by eliminating cases prior to trial if a party cannot make out a claim or defense. ***Miller v. Sacred Heart Hosp.***, 753 A.2d 829, 832 (Pa. Super. 2000); ***see also Commonwealth v. Bowers***, 155 A. 605, 608 (Pa. 1931) ("A jury trial can only be demanded where there is a disputed question of fact. The court is not required to award a jury trial in cases where there is no dispute of fact and it would be obliged to decide the case against the claimant, as a matter of law, on his petition.").

Appellant contends in his third issue that his New Matter pleading should not have been set aside as "time is not a bar to refiling it under the title[,] Amended Complaint." Appellant's Brief at 16. Appellant's claim is waived for his failure to cite case law or other legal authority in support, as required by Pa.R.A.P. 2119. ***See***, ***e.g.***, ***Commonwealth v. Zewe***, 663 A.2d 195, 199 (Pa. Super. 1995) (noting that failure to develop legal argument results in waiver of claim).

In his fourth claim, Appellant argues that all of Duquesne's pleadings after its Answer lacked verification as required by Pa.R.C.P. 1024. Appellant's Brief at 17. The pertinent portion of Rule 1024 governing verification is as follows:

> (a) Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified.

Pa.R.C.P. 1024. All pleadings filed by Appellee subsequent to its Answer contained facts of record. As such, Appellant's claim fails. ***Id***.

In Appellant's final claim, he argues that the trial court should have granted his Motion for Reargument because he had a legitimate excuse to be absent from the Summary Judgment Hearing. Appellant's Brief at 17. The trial court observed:

> Although [Appellant] asserts in his 1925(b) filing that "an ex-parte hearing was held where [Appellant] was absent with a legitimate reason for being absent[,]" [Appellant] provides no further explanation or excuse for his absence.[FN] [Appellant] at no time attempted to contact the [c]ourt or opposing counsel in advance in order to reschedule the argument. Moreover, and more substantively, [Appellant] points to no evidence or facts of record that could or would support his contentions that he and the [Appellee] entered into a valid and binding contract that this [c]ourt could enforce.
>
> > [FN] [Appellant's] previously filed Motion for Reargument lists: an ice storm, busses backed up, inability to get a ride, inability to communicate with Court from home, a heart condition aggravated by stress, dizzy spells, chest pains, a low[-]dose aspirin regimen, and dizzy spells brought on by the phones being out, as among the causes for his absence. None of the items listed have been corroborated, and

notwithstanding [Appellant's] assertions, and the fact that the Greater Pittsburgh area experienced a very modest weather event on February 16, 2016 (less than one inch of rain and snow)[,] [c]ourt business was, otherwise, conducted on February 16, 2016 without interruption or incident.

Trial Court Opinion, 5/4/16 at 2-3 (footnote in the original). We agree and add that Appellant's claim is waived for failure to cite to legal support. Pa.R.A.P. 2119.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2016