J-A20015-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| ZOKAITES PROPERTIES, L.P., | IN THE SUPERIOR COURT |
| | OF |
| | PENNSYLVANIA |
| Appellant | |
| | |
| v. | |
| | |
| BELL-PUG, INC., DENNIS M. BLACKWELL, AND CAPUTO & CAPUTO, P.C., | |
| | |
| Appellee | No. 92 WDA 2018 |

Appeal from the Order Entered December 12, 2017
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 17-000585

BEFORE: BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                  FILED NOVEMBER 20, 2018

Appellant, Zokaites Properties, L.P., appeals the December 12, 2017 order granting the preliminary objections filed by Caputo & Caputo, P.C., and dismissing Appellant's second amended complaint without leave to amend. After careful review, we affirm.

The trial court summarized the relevant facts and procedural history of this case in its Pa.R.A.P. 1925(a) opinion:

> This matter arises from a debt allegedly owed to [Appellant] by [] Bell-Pug[, Inc. ("Bell-Pug")] for unpaid rent. On December 2, 2015, [Appellant] served a Notice of Distraint on [] Bell-Pug[] and, as [Bell-Pug] never filed a response to said notice, [Appellant] claims to have a valid lien on all of [Bell-Pug's] personal property. In spite of this lien, [] Bell-Pug entered into an agreement to sell its liquor license to Emporio Village, LLC, on March 3, 2016. Pursuant to the agreement, Emporio Village was

to make payments to its own attorney, Louis Caputo, Esquire, which Attorney Caputo was to hold in escrow.

In mid-March 2016, [Appellant's] counsel allege[d] that he had a telephone conversation with Attorney Caputo, in which the latter agreed to hold all proceeds from the liquor license sale in escrow pending a resolution of the matter between [Appellant] and [] Bell-Pug. On March 21, 2016, [Appellant's] counsel sent Attorney Caputo a letter purporting to memorialize an agreement arising out of the previous week's conversation, writing: "Zokaites Properties accepts your offer to escrow any sale proceeds to be distributed pending order of court or agreement of the parties." Attorney Caputo did not reply to this letter.

On June 23, 2016, [Appellant] presented an Emergency Motion for Injunctive Relief to enjoin Attorney Caputo to retain any liquor license proceeds in escrow, as [Appellant] "did not trust Caputo to uphold" his agreement. Judge Michael Della Vecchia of this [c]ourt denied [Appellant's] motion via an order dated September 12, 2016.

On July 25, 2016, [Appellant's] counsel sent Attorney Caputo another letter citing the alleged March 2016 agreement that the latter would retain any liquor license sale proceeds in escrow. Again, Attorney Caputo did not reply.

At an unknown date, the sale of the liquor license was executed, and Attorney Caputo tendered payment to [] Bell-Pug's attorney, Dennis Blackwell, Esquire.

Appellant filed suit, and included claims against Attorney Caputo's law firm, Caputo & Caputo, P.C., for breach of contract and promissory estoppel.[1] [] Caputo & Caputo[, P.C.] filed preliminary objections[ in the nature of a demurrer] and, on December 12, 2017, Judge Timothy Patrick O'Reilly of this [c]ourt issued an order sustaining the same. This timely appeal ensued[] and, in light of Judge O'Reilly's retirement, this opinion in support of that order is being rendered by the undersigned[, Judge Patrick Connelly].

_____

[1] Counts I, II, and III of Appellant's second amended complaint asserted claims against Bell-Pug and Attorney Blackwell and were previously dismissed with prejudice by order of court dated October 20, 2017. Counts IV and V against Caputo & Caputo, P.C. are the only remaining claims.

Trial Court Opinion ("TCO"), 3/1/18, at 1-2 (citations to record omitted).

On December 19, 2017, Appellant filed a timely notice of appeal, followed by a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  Herein, Appellant presents the following issues for our review, which we have reordered for ease of disposition:

1. Whether the lower court committed errors of law and fact in concluding that Appellant did not detrimentally rely on [Attorney Caputo's] promise such that a claim of promissory estoppel arose thereby[?]

2. Whether the lower court committed errors of law and fact in concluding that there was [no] valid contract between the parties[?]

Appellant's Brief at 3.

Before addressing the merits of Appellant's claims, we note our well-settled standard of review:

A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings, no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer.  All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred.  The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven.  This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion.  When sustaining the trial court's ruling will result in the denial of claim

- 3 -

or a dismissal of suit, preliminary objections will be sustained only where the case [is] free and clear of doubt.

Lugo v. Farmers Pride, Inc., 967 A.2d 963, 966 (Pa. Super. 2009) (quoting Strausser v. PRAMCO III, 944 A.2d 761, 764-65 (Pa. Super. 2008)).

Here, Appellant claims that the trial court erred in finding a lack of consideration to establish the existence of a valid contract between Appellant and Caputo & Caputo, P.C. Appellant's Brief at 12. In support of its argument, Appellant asserts that it detrimentally relied on Attorney Caputo's promise to retain the sale proceeds in escrow in its refraining from initiating other collection action against Bell-Pug, id. at 22, and concludes that "detrimental reliance serves as a substitute for consideration." Id. at 12. Contrary to its assertion, we deem Appellant's claims to be wholly without merit.

Preliminarily, we note:

A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages. While not every term of a contract must be stated in complete detail, every element must be specifically pleaded. Clarity is particularly important where an oral contract is alleged.

Pennsy Supply, Inc. v. American Ash Recycling Corp. of Pennsylvania, 895 A.2d 595, 600 (Pa. Super. 2006) (internal citations and quotation marks omitted). "It is axiomatic that consideration is an essential element of an enforceable contract." Id. (internal citation and quotation marks omitted). "A contract is formed when the parties to it 1) reach a mutual understanding, 2) exchange consideration, and 3) delineate the terms of their bargain with sufficient clarity." Weavertown Transport Leasing, Inc. v. Moran, 834

A.2d 1169, 1172 (Pa. Super. 2003). "Consideration consists of a benefit to the promisor or a detriment to the promissee." Id.

> It is not enough, however, that the promisee has suffered a legal detriment at the request of the promisor. The detriment incurred must be the 'quid pro quo', or the 'price' of the promise, and the inducement for which it was made.... If the promisor merely intends to make a gift to the promisee upon the performance of a condition, the promise is gratuitous and the satisfaction of the condition is not consideration for a contract.

Id. (quoting Stelmack v. Glen Aiden Coal Co., 14 A.2d 127, 128 (Pa. 1940)). Whether a contract is supported by consideration presents a question of law. Pennsy Supply, Inc., 895 A.2d at 601.

In the instant matter, Appellant's breach of contract claim against Caputo & Caputo, P.C. clearly fails, as the averments in its second amended complaint fail to establish the exchange of consideration, which is an essential component of a contract. Appellant's complaint specifically avers:

> [Appellant] detrimentally relied on this contract by refraining from initiating other legal action to collect these proceeds including refraining from initiating collection action against the license which was liened by [Appellant] under the Notice of Distraint, the Uniform Commercial Code, the Assignment of Leases and Rents and/or further lien action against the license by initiating action with the Liquor Control Board, among other action [Appellant] could have taken but for the contract with [Attorney] Caputo.

Appellant's Second Amended Complaint, 7/17/17, at 13 ¶ 63. While forbearance from instituting legal action may constitute good consideration for an agreement, "it must be bargained for and given in exchange for the promise made by the promisor." Cardamone v. University of Pittsburgh, 384 A.2d 1228, 1233 (Pa. Super. 1978) (internal citations omitted; emphasis

added). Appellant's complaint fails to aver that Attorney Caputo's promise was made for the purpose of inducing Appellant's forbearance. See Pennsy Supply, Inc., 895 A.2d at 601 (stating that to constitute consideration for a contract, "the promise must induce the detriment and the detriment must induce the promise").

In support of its determination that Appellant failed to establish the existence of a valid contract, due to lack of consideration, the trial court reasoned as follows:

> Even accepting all material facts set forth as true, it is not clear that Attorney Caputo received any consideration in exchange for his alleged promise. Moreover, [Appellant's] allegation that "[it] detrimentally relied on this contract" indicates that forbearance was not explicit condition of the contract itself, but ancillary to the same.
>
> This reading is further supported by the March 21, 2016 letter purporting to memorialize the agreement, which mentions Attorney Caputo's alleged promise "to hold any sales proceeds in escrow pending a resolution between [Appellant] and Bell-Pug," but makes no reference to [Appellant's] refraining from initiating other legal action. In fact, the March 21, 2016 letter never references any consideration from [Appellant] for said promise. Accordingly, lacking consideration, [Appellant] fails to allege the existence of a contract. See Geisinger Clinic v. DiCuccio, 606 A.2d 509, 512 (Pa. Super. 1992) ("A contract is evidenced by mutuality of obligation. A mutuality of obligation exists when both parties to the contract are required to perform their respective promises.").
>
> Even assuming arguendo that, contemporaneous to Attorney Caputo's alleged promise, [Appellant] had pledged to refrain from initiating further legal action, this alone does not constitute consideration. A contract would arise if Attorney Caputo's alleged promise was made for the purpose of inducing [Appellant's] forbearance, but [Appellant] makes no such allegation. See Pennsy Supply, Inc. … , 895 A.2d [at] 601 …

("If, however, the promisor made the promise with no particular interest in the detriment that the promisee had to suffer to take advantage of the promised gift or other benefit, the detriment was incidental or conditional to the promisee's receipt of the benefit.") (emphasis removed). Indeed, Attorney Caputo was merely an escrow agent in this transaction, "had no other rights or duties" than to hold and ultimately transmit $4,500, and would have gained nothing from [Appellant's] forbearance.

TCO at 3-4 (citations to record omitted). After careful review of the record, we discern no error of law or abuse of discretion by the trial court.

Next, Appellant claims that the trial court erred in finding that it failed to establish a cause of action for promissory estoppel. Appellant asserts that it properly averred detrimental reliance in its second amended complaint, and that the trial court failed to accept the statements in its complaint as true in accordance with the applicable standard of review. Appellant's Brief at 12, 18. After careful review, however, we conclude that, even while accepting all factual averments as true, Appellant's second amended complaint is legally insufficient to sustain a claim for promissory estoppel.

It has been well-established that:

The doctrine of promissory estoppel permits a claimant to enforce a promise in the absence of consideration. To maintain a promissory estoppel action[,] a claimant must aver the following elements: (1) the promisor made a promise that it should have reasonably expected would induce action or forbearance on the part of the promise; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise.

Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 717-18 (Pa. Super. 2005) (internal citations and quotation marks omitted). "However, the doctrine of promissory estoppel does not apply if the complaining party acted

on its own will and not as the result of the [promisor's] representations." GMH Associates, Inc. v. Prudential Realty Group, 752 A.2d 889, 904 (Pa. Super. 2000).

Here, it is apparent based on Appellant's own averments, that it did not rely on Attorney Caputo's alleged promise and refrain from taking legal action to collect the liquor license sale proceeds. Appellant expressly admitted in its complaint to the filing of a motion for preliminary injunction against Attorney Caputo, "because it did not trust [him] to uphold [their] agreement to retain the proceeds in escrow." Appellant's Second Amended Complaint at 7 ¶ 26.

As the trial court so aptly stated:

> Promissory estoppel requires that "the promisee actually took action or refrained from taking action in reliance on the promise." V-Tech Services, Inc. v. Street, 72 A.3d 270, 276 (Pa. Super. 2013). While [Appellant] does specifically allege this forbearance ("[Appellant] detrimentally relied on this contract by refraining from initiating other legal action"), [Appellant] also admits it did bring further legal action by seeking a preliminary injunction against Attorney Caputo to enforce his alleged promise. Moreover, [Appellant's] admission that it sought the preliminary injunction "because it did not trust Caputo to uphold its agreement to retain the proceeds in escrow," belies [Appellant's] claim that it reasonably believed Attorney Caputo would keep his alleged promise.

TCO at 4-5 (citations to record omitted). Moreover, we note that enforcement of the alleged promise is not the only means by which to avoid injustice. See Sullivan, supra. Rather, Appellant's remedies lie with Bell-Pug. Caputo & Caputo, P.C. was merely acting as an escrow agent in accordance with a written purchase and escrow agreement regarding the sale of the liquor

license and has no other connection to Appellant's underlying dispute between Appellant and Bell-Pug. Thus, we discern no error of law or abuse of discretion by the trial court.

In light of the foregoing, we affirm the December 12, 2017 order sustaining Caputo & Caputo, P.C.'s preliminary objections and dismissing Appellant's second amended complaint without leave to amend.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/2018